UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL W. SMITH and ) <br> JOSHUA D. WARNER, ) <br> ) <br> Plaintiffs, ) <br> v. ) <br> ) <br> BRUCE RAUNER, et al., ) <br> ) <br> Defendants. ) | No.: 16-cv-4089-SEM |

### MERIT REVIEW ORDER

Plaintiffs, Michael W. Smith and Joshua D. Warner, are civil detainees at the Rushville Treatment and Detention Center. Plaintiffs proceed pro se and seek leave to proceed in forma pauperis. The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). A court must dismiss cases proceeding in forma pauperis "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee has been paid. 28 U.S.C. §

1915(d)(2).  Accordingly, this Court grants leave to proceed in forma pauperis only if the complaint states a federal claim.

In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiffs' favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013).  However, conclusory statements and labels are insufficient.  Enough facts must be provided to "'state a claim for relief that is plausible on its face.'"  *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

## ALLEGATIONS

Plaintiffs Michael W. Smith and Joshua D. Warner, are civilly detained in the Rushville Treatment and Detention Center pursuant to the Illinois Sexually Violent Persons Commitment Act, 725 ILCS 207/1, *et seq*.  They have filed a complaint alleging that they have been denied the right to marry. They had written to the Clerk of Schuyler County, Mindy Garrett, asking for an application for a marriage license.  Ms. Garrett referred them to Defendant Blaesing, the Quality Assurance Director for Department of Human Services ("DHS"), indicating that Ms. Blaesing would be able provide them

with an application. [ECF 1-1 p. 5]. Plaintiffs allege that, despite repeated requests, no application has been provided.

Plaintiffs cite *United States v. Windsor*, 133 S.Ct. 2675, 2693 (2013), which held unconstitutional the denial of federal marital benefits to same-sex marriages recognized under state law. Plaintiffs request injunctive relief, compelling Defendants DHS Secretary James Dimas, Rushville Program Director Gregg Scott, Rushville Security Director James Clayton and Assistant Program Director Eric Kunkle to draft and implement a same-sex marriage policy. They request that Defendants Blaesing and Garrett be compelled to issue them an application for marriage license. They assert a demand for compensatory and punitive damages against all Defendants.

## ANALYSIS

Punishments which are "incompatible with 'the evolving standards of decency that mark the progress of a maturing society'", violate the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 102 (1976). In this case, as Plaintiffs are detainees rather than convicted prisoners, their § 1983 claim is reviewed under the Due Process Clause of the Fourteenth Amendment, rather than the

Eighth Amendment. The standard of review, however, is the same under the Fourteenth Amendment, as under the Eight Amendment. *Zentmyer v. Kendall County, Ill.,* 220 F.3d 805, 810 (7th Cir. 2000).

The United States Supreme Court has affirmed that those in the prison context have a constitutional right to a marital relationship. *Turner v. Safley,* 482 U.S. 78, 96 (1987). In a more recent decision, the Supreme Court also found that same-sex couples have a fundamental right to marry. *Obergefell v. Hodges,* 135 S. Ct. 2584, 2599 (2015). This right is also recognized by the forum in which this Court sits as the State of Illinois has codified the right of same-sex couples to marry in its Religious Freedom and Marriage Fairness Act. *See* 750 ILCS 80/1 et seq.:

> § 10. Equal access to marriage.
>
> (a) All laws of this State applicable to marriage, whether they derive from statute, administrative or court rule, policy, common law, or any other source of civil or criminal law, shall apply equally to marriages of same-sex and different-sex couples and their children.

The right of prisoners to marry, however, "is subject to substantial restrictions as a result of incarceration." *Turner* at 95. "[A] prison regulation [that] impinges on inmates' constitutional

rights ... is valid if it is reasonably related to legitimate penological interests." *Riker v. Lemmon*, 798 F.3d 546, 551 (7th Cir. 2015) (finding validity of facility's ban on marriage between inmate and a former employee a question of fact, precluding summary judgment).

To determine the reasonableness of a regulation, the court must balance the constitutional right asserted against the legitimate penological goals of the prison. *Id.* at 552. *See Baskin v. Bogan*, 766 F.3d 648, 659 (7th Cir. 2014) *cert. denied* 135 S. Ct. 316 (2014) (*groundless* rejection of same-sex marriage is a denial of equal protection) (emphasis in original). *See also,* See *Keeney v. Heath*, 57 F.3d 579 (7th Cir. 1995) (officials may burden right to marry where there is penological justification). In *Keeney*, the Seventh Circuit found penological justification for a prison's ban on romantic relationships between guards and inmates. *Id.* 581-82.

It is unclear at this point whether Defendants' apparent refusal to facilitate the marriage was done pursuant to a legitimate penological interest. As a result, this claim may go forward.

Plaintiffs have identified various Defendants who do not appear to have had personal participation in the injury alleged. They name Governor Bruce Rauner, to whom they sent a letter

regarding the lack of response to their request for a marriage license. *See Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003)(individual liability under Section 1983 can only be based upon a finding that the defendant caused the deprivation alleged). "To be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park,* 430 F.3d 809, 810 (7th Cir. 2005).

Furthermore, Plaintiffs attempt to assert an action against DHS Secretary James Dimas, Rushville Program Director Gregg Scott, Rushville Security Director James Clayton and Assistant Program Director Eric Kunkle based on the actions of another detainee who allegedly sent them each a copy of a letter objecting to the lack of policy regarding same-sex marriage. Here, again, Plaintiffs fail to allege Defendants personal involvement in the injury they have suffered. *Palmer at* 594. *See also, Diaz v. McBride*, 1994 WL 750707, at *4 (N.D. Ind. Nov. 30,1994) (holding that a plaintiff could not establish personal involvement, and subject a prison official to liability under section 1983, merely by sending the official various letters or grievances complaining about the actions or conduct of subordinates.)   Defendants Rauner, Dimas, Scott,

Clayton and Kunkle are DISMISSED.  This claim will proceed against Jennifer Blaesing, Rushville Directory of Quality Assurance and Mindy Garrett Schuyler County Circuit Clerk.

**IT IS THEREFORE ORDERED:**

1.     Plaintiffs' petitions to proceed in forma pauperis [3] and [4], are GRANTED.  Plaintiff Smith's Motion for Status [9] is rendered MOOT.

2.     Pursuant to a review of the Complaint, the Court finds that Plaintiff states due process and equal protection claims against Defendants Blaesing and Garrett under the Fourteenth Amendment. This case proceeds solely on the claims identified in this paragraph.   Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15. Defendants Rauner, Dimas, Scott, Clayton and Kunkle are DISMISSED.

3.     Any claims not identified will not be included in the case, except in the Court's discretion upon motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil

Procedure 15.  The Clerk is directed to send to each Defendant pursuant to this District's internal procedures: 1) a Notice of Lawsuit and Request for Waiver of Service; 2) a Waiver of Service; 3) a copy of the Complaint; and 4) a copy of this Order.

    4.    If a Defendant fails to sign and return a Waiver of Service to the Clerk within 30 days after the Waiver is sent, the Court will take appropriate steps to effect formal service on that Defendant and will require that Defendant pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).  If a Defendant no longer works at the address provided by Plaintiff, the entity for which Defendant worked at the time identified in the Complaint shall provide to the Clerk Defendant's current work address, or, if not known, Defendant's forwarding address.  This information will be used only for purposes of effecting service.  Documentation of forwarding addresses will be maintained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

    5.    Defendants shall file an answer within the time prescribed by Local Rule.  A Motion to Dismiss is not an answer. The answer is to include all defenses appropriate under the Federal

Rules.  The answer and subsequent pleadings are to address the issues and claims identified in this Order.

6. Plaintiff shall serve upon any Defendant who has been served, but who is not represented by counsel, a copy of every filing submitted by Plaintiff for consideration by the Court, and shall also file a certificate of service stating the date on which the copy was mailed.  Any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk or that fails to include a required certificate of service will be struck by the Court.

7. Once counsel has appeared for a Defendant, Plaintiff need not send copies of filings to that Defendant or to that Defendant's counsel.  Instead, the Clerk will file Plaintiff's document electronically and send notice of electronic filing to defense counsel.  The notice of electronic filing shall constitute notice to Defendant pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

8. Counsel for Defendants is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendants shall arrange the time for the depositions.

9. Plaintiff shall immediately notice the Court of any change in mailing address or phone number. The Clerk is directed to set an internal court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO**:

**1) ATTEMPT SERVICE ON DEFENDANTS PURSUANT TO THE STANDARD PROCEDURES AND**

**2) SET AN INTERNAL COURT DEADLINE 60 DAYS FROM THE ENTRY OF THIS ORDER FOR THE COURT TO CHECK ON THE STATUS OF SERVICE AND ENTER SCHEDULING DEADLINES.**

**LASTLY, IT IS ORDERED THAT IF A DEFENDANT FAILS TO SIGN AND RETURN A WAIVER OF SERVICE TO THE CLERK WITHIN 30 DAYS AFTER THE WAIVER IS SENT, THE COURT WILL TAKE APPROPRIATE STEPS TO EFFECT FORMAL SERVICE THROUGH THE U.S. MARSHAL'S SERVICE ON THAT DEFENDANT AND WILL REQUIRE THAT DEFENDANT TO PAY**

**THE FULL COSTS OF FORMAL SERVICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(d)(2).**

October 12, 2016
_____                    _____s/Sue E. Myerscough_____
ENTERED                                       SUE E. MYERSCOUGH
                                      UNITED STATES DISTRICT JUDGE